# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| **ROBERT E. SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CAUSE NO. 3:06-CV-464 AS |
| v. | ) |
| | ) |
| **RONALD KURMIS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### *OPINION AND ORDER*

Robert E. Smith, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

>acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Smith alleges that while he was a pre-trial detainee at the Porter County Jail, the defendants removed him from a medium security general population section and placed him in administrative segregation. It is true that pre-trial detainees may not be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). And that a pre-trial detainee is entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974) before the imposition of punishment for a disciplinary infraction. Nevertheless not every placement of a pre-trial detainee in segregation constitutes punishment, and the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995).

Here, Mr. Smith alleges that he was placed in administrative segregation, not disciplinary segregation. He does not allege, and based on this complaint it would not be reasonable to infer, that his placement in administrative segregation was intended as punishment or as a means of disciplining him for anything that he might have done. Jails are crowded institutions and placement decisions are an inexact process where an inmate may be moved for institutional reasons

concerning other prisoners wholly unrelated to the moved inmate. Without either an allegation or a reasonable inference that Mr. Smith's placement was intended as punishment, his placement in Administrative Segregation without due process does not state a claim.

>Mr. Smith alleges that he has been denied access to the indoor gymnasium.

>[The plaintiff] claims only to have been deprived of yard or recreation time, not all exercise. In modern prisons the denial of recreation time may deprive inmates of many desirable, entertaining diversions the lack of which would not raise a constitutional issue.

*Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988). Mr. Smith does not allege, and based on this complaint it would not be reasonable to infer, that he was denied any exercise. Therefore these claims will be dismissed.

>Mr. Smith alleges that he has been denied visitation with his family and friends. The Constitution does not require visitation whether by children or adults.

>Detainees -- by definition persons unable to meet bail -- often are awaiting trial for serious, violent offenses, and many have prior criminal convictions. Exposure of this type person to others, whether family, friends, or jail administrators, necessarily carries with it risks that the safety of innocent individuals will be jeopardized in various ways. They may, for example, be taken as hostages or become innocent pawns in escape attempts. It is no answer, of course, that we deal here with restrictions on pretrial detainees rather than convicted criminals. For, as we observed in *Wolfish*, in this context, there is no basis for concluding that pretrial detainees pose any lesser security risk than convicted inmates. Indeed, we said, it may be that in certain circumstances detainees present a greater risk to jail security and order.

*Block v. Rutherford*, 468 U.S. 576, 586-587 (1984) (quotation marks, citation, and brackets omitted). Mr. Smith does not allege, and based on this complaint it would

not be reasonable to infer, that his visitation was prohibited as punishment rather than for reasonable, legitimate reasons. Therefore these claims will be dismissed.

Mr. Smith alleges that he was denied the opportunity to attend religious services in violation of the First Amendment.

> The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration. And, as our cases have established, freedom of association is among the rights least compatible with incarceration. Some curtailment of that freedom must be expected in the prison context.

*Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citations omitted). "The 'free' exercise of religion thus is rather a misnomer in the prison setting." *Johnson-Bey v. Lane*, 863 F.2d 1308, 1308 (7th Cir. 1988). "[T]he prison is entitled to curtail these rights to the extent necessary to protect security." *Id.* at 1310. Mr. Smith does not allege, and based on this complaint it would not be reasonable to infer, that he was otherwise denied the ability to practice his religion. Therefore this claim will be dismissed.

For the foregoing reasons, this complaint is DISMISSED pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**ENTERED: August   3  , 2006**

                                        **S/ ALLEN SHARP**
                                    **ALLEN SHARP, JUDGE**
                                    **UNITED STATES DISTRICT COURT**